IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 4:01-cr-00029-SPM-AK

WILLIE CALVIN DAVIS,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

        This matter is before the Court on Doc. 116, Motion to Vacate under 28 U.S.C. § 2255,

by Willie Calvin Davis.  In response, the Government has filed a motion to dismiss, arguing, in

part, that the motion is untimely.  Doc. 119.  Having carefully considered the matter, the Court

recommends that the motion to vacate be denied as untimely.

        Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.  "A 1-year period of limitation shall apply to a motion under this section."  *Id.*

The one-year limitations period

> shall run from the latest of–
>
>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by
> governmental action in violation of the Constitution or laws of the United States
> is removed, if the movant was prevented from making a motion by such
> governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Defendant's conviction was affirmed by the Eleventh Circuit on January 30, 2003, Doc. 109, and became final 90 days thereafter. *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002) (judgment of conviction becomes final within meaning of § 2255 on date on which time for filing petition for certiorari to United States Supreme Court expires). The instant motion to vacate was filed on January 9, 2006. *See Houston v. Lack*, 487 U.S. 266, 275 (1988) (*pro se* prisoner's document is considered filed on date that prisoner delivers document to prison authorities for mailing). It is therefore patently untimely under subsection (1). To the extent that he claims the Government breached its plea agreement with him as it pertains to the substantial assistance he allegedly provided against Taurus Deshon Baker, if, as Defendant alleges, he was delivered to the courthouse to testify against Baker but was never called, then he knew in November, 2001, the basis for attacking the Government's failure to abide by the terms of the plea agreement. *See United States v. Baker*, Cause No. 4:01cr52-RH/WCS (N.D. Fla.). Thus, the factual basis of this claim was actually known to Defendant years before the instant motion was filed.[1]

Defendant also cannot benefit from a later date for commencement of the one-year

---

[1]The Court notes further that Defendant's claim that Baker told him that he pled guilty "because he knew that [Defendant] had been brought to testify" is patently unsupported by the record, as Baker did not plead guilty but was convicted by a jury. *See Baker* at Doc. 50.

period.  *Booker* has not been made retroactively applicable to cases on collateral review, *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005), and thus, subsection (3) is inapplicable.

He is also not entitled to any relief under subsection (4), as this limitations period "begins to run when the facts *could have been* discovered through the exercise of due diligence, not when they were *actually* discovered."  *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). Defendant claims that he did not know that the Government had failed to abide by the terms of their plea agreement with regard to the filing of a motion for downward departure until he "visually saw [Michael Omega] Wallace in a federal holdover in Atlanta, Georgia in or about June 2005."  Wallace pled guilty in January, 2004, to possession with intent to distribute cocaine and cocaine base, a charge which arose from a car and foot chase.  *United States v. Wallace*, Cause No. 4:03cr20-SPM/AK (N.D. Fla.), Docs. 18-23.  Because Wallace was convicted based on direct police activity and not as the result of any information from any third party, there is nothing in the record to support Defendant's claim of breach of the plea agreement.  Even so, Defendant could have, with the exercise of some amount of diligence, learned that Wallace had pled guilty long before June, 2005, as a letter or telephone call to the Clerk of Court requesting information about Wallace would have yielded the information which Defendant required.

This does not end the inquiry equitable tolling of the statute of limitations is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  According to Defendant, he could not have filed earlier because he only "recently bec[a]me able to mentally cope with the fact of living without thoughts and attempts of taking his own life."  Doc. 116 at 13.  He claims that he has been "highly medicated for the past

4 years" and only recently was "taken off these medications." *Id*.   According to him, "while medicated he could only sleep and walk in a daze for the past few years." *Id*.

The medical records presented by Defendant himself for the relevant time period do not support this claim. *See*, *e.g*., Doc. 116, Ex. A at 44-45, 47, 49-51, 54-56, & 58-60 of 64; Ex. B at 1, 5, 7-8, 12, 17, 21-22, 25-26, 28, 31-32, 34-35, & 38-39 of 73.  Therefore, equitable tolling does not apply.

Having carefully considered the matter, the Court respectfully **RECOMMENDS** that the motion to dismiss, Doc. 119, be **GRANTED**, and the motion to vacate, Doc. 116, be **DENIED**.

**DONE AND ORDERED** this  _7th_ day of August, 2007.

*s/ A. KORNBLUM*

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**