IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO.: 4:01cr29-SPM

WILLIE CALVIN DAVIS

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

This cause comes before the court upon cefendant's motion to reduce sentence under the Fair Sentencing Act, the retroactive crack cocaine amendment (Amendment 750) and 18 U.S.C. § 3582(c). (Doc. 169).

Upon review, the court finds that defendant is not entitled to a sentence reduction because application of the guideline amendment results in no change to his sentencing range. Although defendant's base offense level was lowered pursuant to Amendment 750, defendant is subject to career offender penalties following a sentencing reduction pursuant to Amendment 706. Accordingly, he is not eligible for a reduction in sentence, as his guideline range was not lowered by this amendment. *United States v. White*, 479 Fed. Appx. 944, 946 (11th Cir. 2012) ("Amendment 750 lowered the base offense levels for crack possession offenses, but did not affect the career offender guideline calculations. Thus, because [the defendant] was sentenced under the career offender guideline calculations, Amendment 750 did not lower [the defendant's] applicable sentencing range and did not grant the district court jurisdiction to modify [the defendant's] sentence under § 3582(c)(2). Similarly, while the FSA expresses an intent to lower the penalties imposed for crack possession offenses, it shows no such intent towards the penalties for career offenders."). Accordingly, the defendant's motion (doc. 169) is DENIED.

**SO ORDERED** this 15th day of January, 2013.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**